Carly M. Roman, CA Bar No. 349895
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
croman@straussborrelli.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

MICHAEL PLASCENCIA, individually and on behalf of a class of all persons and entities similarly situated,

Plaintiff

vs.

REAM FRANCHISE GROUP LLC,

Defendant.

Case No. '25CV2780 BAS KSC

**CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND EQUITABLE RELIEF FOR:**

1. **Violation of the Telephone Consumer Protection Act**

**DEMAND FOR JURY TRIAL**

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive

telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*...This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of

privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Plaintiff Michael Plascencia ("Plaintiff") brings this action under the TCPA alleging that Defendant, which operates Gameday Men's Health Arcadia called the Plaintiff with marketing messages despite not having the requisite consent to contact those individuals who, like Plaintiff, were listed on the National Do Not Call Registry.

4. Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal calling conduct and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

6. Plaintiff is an individual.

7. Defendant is a limited liability company located in this District.

**Jurisdiction & Venue**

8. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

9. This Court has general personal jurisdiction over Defendant because it is a company located in this District.

10. Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendant resides in this District.

**The Telephone Consumer Protection Act**

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

12. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## **Factual Allegations**

16. The Plaintiff is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153(39).

17. Plaintiff's telephone number is (626) 679 -XXXX.

18. Plaintiff's telephone number, (626) 679 -XXXX, has been on the National Do Not Call Registry since August 21, 2025.

19. Plaintiff uses his telephone number for personal, residential and household purposes.

20. Plaintiff's telephone number is not associated with a business, nor does Plaintiff use this telephone number for business purposes.

21. In August 2025, Plaintiff booked an appointment with Defendant.

22. Despite booking an appointment, Plaintiff never attended the appointment, did not reschedule the appointment and was not interested in Defendant's services.

23. On August 1, 2025, Plaintiff gave his cellular telephone number to Defendant and exchanged text messages with Defendant until August 5, 2025.

24. On August 5, 2025, at 1:17 p.m., Plaintiff received a text from Defendant with the following message:

> "Hey Mike, we wanted to check in with you once more to see if you might be ready to reschedule with Gameday Men's Health Arcadia. Are mornings or afternoons better for you?"

25. Plaintiff replied "STOP" to the text message from Defendant.

26. Plaintiff received a text reply with the message "[y]ou have successfully been unsubscribed. You will not receive any more messages from this number. Reply START to resubscribe."

27. Plaintiff did not reply or resubscribe to receive messages from Defendant.

28. Shortly after Plaintiff began receiving calls and voicemails from Defendant.

29. On August 8, 2025, at 6:04 p.m., Plaintiff received a call on his cellular telephone from the telephone number (626) 244-8167.

30. Defendant continued to frequently call Plaintiff on his cell phone and leave voicemails, including on the following dates and times:

- August 14, 2025, at 5:25 p.m. from (626)244-8167
- August 19, 2025, at 6:02 p.m. from (626) 244-8167
- August 28, 2025, at 6:59 p.m. from (626) 244-8167
- September 11, 2025, at 6:30 p.m. from (626) 244-8167

31. On September 23, 2025, at 7:24 p.m., Plaintiff received yet another call on his cellular telephone from Defendant from telephone number (626) 244-8167.

32. Each of the voicemails played one of the below messages:

**August 8, 2025 Message**
"Hello Mike, this is Susan calling on behalf of the Men's Health Arcadia. I received your request online in reference to our offer and was hoping I can help you get scheduled. Please give me a call at 86266317902. I look forward to speaking with you and I hope you have…"

**August 14, 2025 Message**
"Hello Mike, this is Susan from the scheduling team calling on behalf of gain. I received your class online and reference hour were offering was hoping I can help get you scheduled. Please give me a call at 6266317902. I look forward to speaking with you and I hope you have a …"

**August 19, 2025 Message**
"Hello there, this is Susan from the scheduling team calling on behalf of getting Damon's house. I received your request online in reference to our offer was hoping I can get you scheduled. Please give me a call at 6366317902. I look forward to speaking with you and I hope you…"

**August 28, 2025 Message**
"Can you give … Can you give me a call at 6266317902? I look forward to speaking with you and I hope you have a lovely day…"

**September 11, 2025 Message**

"Easy give me a call at 666317902. I look forward to speaking with you and I hope you have a love.."

**September 23, 2025 Message**
"Mike, this is Susan from the scheduling team calling on behalf of Damon. I received your question online in reference to our offer. Was hoping I can help you get scheduled. Can you please give me a call at 626631902? I look forward to speaking with you and I hope you have a lovely day."

33. Each of the above-described calls were placed to Plaintiff for the purpose of soliciting Defendant's services.

34. As demonstrated by the above messages, Defendant does not honor consumer requests to opt-out of text message solicitations.

35. Indeed, Plaintiff attempted to opt-out of Defendant's solicitations by responding, but Defendant continued to contact the Plaintiff.

36. This was even after Defendant had confirmed Plaintiff's opt-out request.

37. Defendant's refusal to honor Plaintiff's opt-out request demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive contacts from Defendant. The precise details regarding its lack of requisite policies and procedures are solely within Defendant's knowledge and control.

38. Defendant's refusal to honor Plaintiff's opt-out request demonstrates that Defendant does not provide training to its personnel engaged in telemarketing.

The precise details regarding its lack of training are solely within Defendant's knowledge and control.

39. Defendant's refusal to honor Plaintiff's opt-out request demonstrates that Defendant does not maintain a standalone do-not-call list. The precise details regarding its lack of training are solely within Defendant's knowledge and control.

40. Defendant did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative text messages it sent to Plaintiff as reflected by the fact that Plaintiff made opt-out requests and that those requests were never processed; they were ignored by Defendant and its employees and Defendant continued to send text messages.

41. Upon information and belief, Defendant has access to outbound transmission reports for all contacts sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and Class members. Defendant also has access to text message logs showing Plaintiff's and Class members' inbound opt-out requests.

42. Plaintiff and Class Members revoked any consent they may have previously provided to Defendant by replying with a "STOP" or similar opt-out instruction in response to Defendant's contacts

43. Plaintiff and other individuals who received Defendant's telemarking suffered an invasion of privacy and were harassed by the conduct of Defendant.

## **Class Action Statement**

44. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

45. Plaintiff brings this action on behalf of himself and the following Class (the "Class") pursuant to Federal Rule of Civil Procedure 23:

> **Internal Do Not Call Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) (2) but who received more than one telemarketing call from or on behalf of Defendant's goods or services, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

46. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

47. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

48. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy.

49. This Class Action Complaint seeks injunctive relief and money damages.

50. The Class as defined above are identifiable through dialer records, other phone records, and phone number databases.

51. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each of the Class.

52. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim.

53. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

54. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the claims predominate over questions which may affect individual class members because of the uniformity of the telemarketing conduct.

55. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

a. Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

b. Whether Defendant's conduct constitutes a violation of the TCPA; and

c. Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

56. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

57. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or their agents.

58. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the Internal Do Not Call Class)**

59. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

60. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

61. Defendant's violations were negligent, willful, or knowing.

62. As a result of Defendant's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

B. That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

D. Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Respectfully submitted this 17th day of October, 2025.

By */s/ Carly M. Roman*
Carly M. Roman, CA Bar No. 349895
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
croman@straussborrelli.com

*Attorney for Plaintiff and the Putative Class*